

DA 13-0234

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 322N

KYEANN SAYER,

  Plaintiff and Appellant,

  v.

BOYLE, DEVENY & MEYER, P.C.,

  Defendant and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DV-12-356
                 Honorable John Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kyeann Sayer, self-represented; Missoula, Montana

        For Appellee:

            Liesel Shoquist, Milodragovich, Dale & Steinbrenner, P.C.; Missoula,
            Montana

                              Submitted on Briefs:  October 9, 2013
                                        Decided:  October 29, 2013

Filed:

        _____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Kyeann Sayer (Sayer) appeals the order of the Fourth Judicial District, Missoula County, that determined that Sayer did not qualify as a real party in interest who could recover damages allegedly suffered by Tupi Plain, LLC, and that Liesel Shoquist (Shoquist) served as attorney of record for Appellee Boyle, Deveny & Meyer, P.C., (BDM). We affirm.

¶3      Sayer and her mother, Sharon Boyce (Boyce), filed a claim in Justice Court against BDM in which they alleged that BDM negligently had prepared taxes for Boyce and Tupi Plain, LLC. Boyce and Sayer had been principals in Tupi Plain, LLC. The Justice Court dismissed the claim. Boyce and Sayer appealed the Justice Court's dismissal to the District Court.

¶4      The District Court granted BDM's motion for partial summary judgment on the issue of Sayer's failure to allege any claims on which she could recover damages. The District Court also granted BDM's motion in limine to exclude any evidence of any damages allegedly suffered by Tupi Plain, LLC.

¶5      Boyce and Sayer then submitted what amounted to a request to have the District Court reconsider its earlier orders. Boyce and Sayer further alleged that Shoquist, counsel for

2

BDM, had not been an attorney of record for BDM. The District Court denied the motion by Boyce and Sayer to reconsider the orders. Boyce then accepted BDM's offer of judgment and dropped out of the case.

¶6      Sayer, on her own behalf, now appeals the District Court's order to dismiss her from the lawsuit and the District Court's findings that Sayer cannot assert claims for Tupi Plain, LLC in her own name. Sayer further challenges the District Court's denial of her request to reverse its earlier rulings and its conclusion that Shoquist had served as an attorney of record for BDM. Sayer also has requested that sanctions be imposed upon BDM for unnamed improprieties and alleged collusion between the District Court and Shoquist.

¶7      Sayer argues on appeal that Tupi Plain, LLC had been dissolved and that she simply was trying to wrap up some of its unfinished business in her capacity as a former principal. She contends that she may represent herself, as a real party in interest, when the alleged damages flow through Tupi Plain, LLC to her as a principal. She further contends that the District Court improperly accepted pleadings filed by Shoquist on behalf of BDM even though Shoquist never made an appearance as attorney of record, or filed a notice of substitution of counsel. Sayer further requests sanctions against Shoquist and BDM on the basis that Shoquist and the District Court engaged in deceit and colluded against her.

¶8      We review de novo a district court's decision on summary judgment. *Lampi v. Speed*, 2011 MT 231, ¶ 10, 362 Mont. 122, 261 P.3d 1000. We review for abuse of discretion a district court's decision whether to grant a motion in limine related to the exclusion of evidence. *Stokes v. Ford Motor Co.*, 2013 MT 29, ¶ 11, 368 Mont. 365, 300 P.3d 648. We

3

have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. The District Court correctly interpreted § 35-8-909, MCA, as it applies to claims brought on behalf of Tupi Plain, LLC. It is manifest on the face of the briefs and record before us that the District Court correctly decided legal issues and properly exercised its discretion regarding evidentiary issues.

¶9    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE